JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Hermon Toney, appeals his guilty pleas to burglary and robbery, both with a one-year firearm specification, contending that they were not "made free of any promises or inducements."[1] We affirm.
 {¶ 2} Toney entered a guilty plea to attempted burglary in case number CR-460725. During the plea colloquy, the trial court asked Toney if anyone had "made any promises or threats to induce you to enter this plea?" Toney responded "[n]o." Toney also entered guilty pleas to burglary and robbery, both with a one-year firearm specification, in case numbers CR-482862 and CR-484324. During the plea colloquy for those cases, the trial court asked Toney if anyone had "made any threats to induce you to enter this plea?" Toney responded "[n]o." All three cases, which were handled by the same judge, contained additional charges that were nolled.
 {¶ 3} Toney seeks to vacate his burglary and robbery pleas because "the inquiry regarding any promises was conspicuously absent from the second plea colloquy."
 {¶ 4} As an initial matter, we address whether the judgment Toney appealed from is a final appealable order in light of State v.Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Specifically, the issue we address is finality of the judgment even though it does not include the means of *Page 4 
exoneration of several of the indicted charges (i.e., does not mention the nolled charges).[2]
 {¶ 5} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at the syllabus.
 {¶ 6} The Ninth Appellate District had dismissed Baker's appeal, finding that it was not a final appealable order because the "judgment of conviction did not contain [Baker's] plea." Baker at ¶ 3. In reversing the appellate court's decision, the Supreme Court held that Baker's judgment of conviction did not need to include the "plea entered at arraignment, but that it must include the sentence and the means of conviction." Id. at ¶ 17.
 {¶ 7} The Supreme Court explained:
 {¶ 8} "We first observe that we are discussing a judgment of conviction.' In State v. Tuomala, 104 Ohio St.3d 93, 2004-Ohio-6239, P14, 818 N.E.2d 272, we explored the meaning of the word `conviction': `A "conviction" is an "act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." Black's Law Dictionary (7th Ed. 1999) 335. Thus, the ordinary *Page 5 
meaning of "conviction," which refers exclusively to a finding of "guilt," is not only inconsistent with the notion that a defendant is not guilty ***, it is antithetical to that notion. Indeed, the notion that a person is convicted by virtue of being found not guilty is an oxymoron (a "not guilty conviction").'" Id. at ¶ 9.
 {¶ 9} The Supreme Court determined that Baker's judgment of conviction was a final appealable order, despite the fact that it did not include the jury's verdict of not guilty on two other offenses, or the trial court's acquittal of three additional offenses. Id. at fn. 1.
 {¶ 10} This court has recently held that under Baker, a judgment of conviction does not need to dispose of every charge in an indictment, including dismissed or nolled counts, or not guilty findings. But it must include the sentence and the "means of conviction" — meaning how the defendant was convicted of each charge (one of four ways: a defendant may plead guilty, plead no contest, be found guilty by a jury, or be found guilty in a bench trial). State v. Robinson, Cuyahoga App. No. 90731, 2008-Ohio-5580, ¶ 18, citing Baker at ¶¶ 10, 17.
 {¶ 11} Accordingly, we conclude that Toney's judgment of conviction (i.e., the sentencing order he is appealing) is a final appealable order even though it includes only the charges of which he was convicted (pled to), and not the charges of which he was exonerated (the nolled counts). We now consider the pleas. *Page 6 
 {¶ 12} Crim. R. 11 states in part:
 {¶ 13} "(C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or community sanctions.
 {¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} With respect to constitutional rights (i.e., the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers), a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, *Page 7 
explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus. "Talismanic words" are not necessary to satisfy Crim. R. 11(C)(2). State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399, citing Ballard, supra.
 {¶ 18} Under the broader standard for nonconstitutional rights, reviewing courts consider whether the trial court substantially complied with the requirements of Crim. R. 11(C)(2). Substantial compliance means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; State v.Stewart (1977), 51 Ohio St.2d 86, 94, 364 N.E.2d 1163. Moreover, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is `whether the plea would have otherwise been made.'"State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶¶ 11-12,814 N.E.2d 51, quoting Nero, supra.
 {¶ 19} After a complete review of the record, we conclude the trial court substantially complied with Crim. R. 11 in determining that no threats or promises were made to Toney to induce his plea. Accordingly, Toney's sole assignment of error is not well taken, and the judgment of the trial court is affirmed. *Page 8 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] The burglary and robbery pleas were taken in case numbers CR-482862 and CR-484324. Although case number CR-460725 (attempted burglary plea) was also appealed, Toney does not make any argument that the plea in that case should be vacated.
[2] The nolled charges are in fact entered upon the docket. They just are not contained in the sentencing entry. *Page 1