[Cite as *State v. Miller*, 2018-Ohio-843.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105363

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SHAWN M. MILLER**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604581-A

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

**ATTORNEY FOR APPELLANT**

Patrick J. Milligan
Patrick J. Milligan Co., L.P.A.
18615 Detroit Avenue, Suite 201
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Shawn Miller, appeals his convictions, and raises one assignment of error:

> The trial court committed reversible error in accepting appellant's plea without inquiring as to whether appellant understood that by making the plea he was waiving certain constitutional rights as set forth in Crim.R. 11(C)(2)(c).

{¶2} We find merit to the appeal, reverse the trial court's judgment, and remand to the trial court to vacate Miller's guilty pleas.

## I.   Facts and Procedural History

{¶3} Miller was charged with four counts of attempted murder, five counts of aggravated arson, one count of arson, five counts of felonious assault, and one count of breaking and entering.   Miller agreed to plead guilty to one count of aggravated arson, one count of arson, and

one count of felonious assault, and the state agreed to nolle the remaining counts. At the plea hearing, the court informed Miller of his constitutional and nonconstitutional rights, but never expressly stated that by pleading guilty, Miller was waiving those rights. Miller nevertheless pleaded guilty according to the terms of the plea agreement, and the court sentenced him to an aggregate eight-year prison term. Miller now appeals his convictions.

## II. Law and Analysis

**{¶4}** In his sole assignment of error, Miller argues his guilty pleas should be vacated as involuntarily made because the trial court failed to ensure that he understood that, by pleading guilty, he was waiving the constitutional rights enumerated in Crim.R. 11(C)(2)(c).

**{¶5}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

**{¶6}** We review the trial court's compliance with the requirements of Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶7}** Crim.R. 11(C)(2)(c) provides, in relevant part:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * [i]nforming the defendant and determining that the defendant understands that by the plea[,] the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Strict compliance by the trial court is required for the waiver of the constitutional rights set forth under Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance with the rule is sufficient for the instruction on the nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). *Veney* at ¶ 14-17.

{¶8} Strict compliance equates to literal compliance with Crim.R. 11(C)(2)(c), though rote recitation of the rule is not required. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18, 27 (exact language is preferred, but rote recitation of the rule is not required for strict compliance). Failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his constitutional rights is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to the defendant. *Id*. at ¶ 18, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶9} Although verbatim language is not required, the Ohio Supreme Court encourages a word-for-word recitation of Crim.R. 11(C) when accepting guilty pleas. In *Ballard*, the court explained that

> it is important to emphasize that the interest of finality is to be protected when accepting a guilty plea. With that interest in mind, the best method of informing a defendant of his constitutional rights is to use the language contained in Crim. R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts.

*Ballard* at 480.

{¶10} During the Crim.R. 11 colloquy, the trial court explained the constitutional rights enumerated in Crim.R. 11(C)(2)(c) to Miller and his codefendants as follows:

> THE COURT: As good as the plea bargains might sound to people, nobody is under an obligation to accept them. You're welcome to stay with not guilty and go to trial instead. Right, Mr. Miller?

DEFENDANT MILLER: Yes, Your Honor.

\* \* \*

THE COURT: And if you go to trial, you always have your lawyers. Can't afford one, one is appointed no cost to you.   Understood, \* \* \* Mr. Miller?

DEFENDANT MILLER: Yes, Your Honor.

THE COURT: And you know that at trial you're presumed innocent. The burden is on the prosecutor.   They have to come in with evidence.   They have to prove each of the original charges against you with evidence beyond a reasonable doubt.

If there is one or more charges on the list that they cannot prove beyond a reasonable doubt, you would be acquitted and discharged of that count if they couldn't prove to that degree.   Understood, Mr. Miller?

DEFENDANT MILLER: Yes, Your Honor.

\* \* \*

THE COURT: So at trial you're welcome to take the witness stand in your defense but you have a right to stay off the stand and remain silent.   No one can make you talk or even comment on your silence.   Understood, \* \* \* Mr. Miller?

\* \* \*

DEFENDANT MILLER: Yes, Your Honor.

THE COURT: And do you understand that you and your lawyer get to cross-examine all the witnesses that the prosecutor brings in here to try to build a case against you[.]   \* \* \*   You understand that? \* \* \* Do you, Mr. Miller?

DEFENDANT MILLER: Yes.

THE COURT: Okay.   So the other thing you need to know, your lawyer can issue subpoenas to select your witnesses, get them on the witness stand.   The Court will enforce those subpoenas to help you get them here to testify for you.   \* \* \* Understood, Mr. Miller?

DEFENDANT MILLER: Yes, Your Honor.

THE COURT: Any questions from any of you?

* * *

DEFENDANT MILLER: No.

(Tr. 41-45.) After ensuring that the defendants understood each of these constitutional rights, the court explained the nature of the charges and their potential penalties. However, the trial court never expressly stated, or inquired as to whether Miller understood, that by pleading guilty, he was waiving his constitutional rights.

{¶11} Miller contends the trial court was required under Crim.R. 11(C)(2)(c) to (1) explain that he was waiving his constitutional rights by virtue of his guilty plea, and (2) specifically ask him if he understood that he was waiving these rights. He further argues that, by not specifically inquiring as to whether Miller understood he was waiving his constitutional rights, the trial court failed to strictly comply with Crim.R. 11(C)(2)(c), and the plea must be vacated.

{¶12} The Tenth District Court of Appeals addressed this issue in *State v. Ellis*, 10th Dist. Franklin No.14AP-912, 2015-Ohio-3438, ¶ 10. The trial court in *Ellis* carefully explained all the constitutional rights enumerated in Crim.R. 11(C)(2)(c) to the defendant, but never expressly stated that by pleading guilty the defendant was waiving those rights. The appellate court nevertheless refused to vacate his guilty pleas and held that whether the defendant understands the waiver of his constitutional rights is reviewed under a substantial compliance as opposed to a strict compliance standard. *Id*. at ¶ 10. The *Ellis* court reasoned that although *Veney* holds that strict compliance is required for the notification of constitutional rights, it allows substantial compliance for the other aspects of the colloquy. *Id*. at ¶ 11.

{¶13} The Seventh District Court of Appeals also addressed this issue in *State v. Strebler*, 7th Dist. Mahoning No. 08 MA 108, 2009-Ohio-1200. As in *Ellis*, the trial court in *Strebler*

described the constitutional rights enumerated in Crim.R. 11(C)(2)(c) and ensured that the defendant understood them, but never explained that the defendant was waiving these rights by pleading guilty. However, in contrast to the court in *Ellis*, the *Strebler* court held, citing *Veney*, that strict compliance required not only an explanation of each of the constitutional rights, but also an explanation that by entering a guilty plea, the defendant is waiving those rights. *Id*. at ¶ 36.

{¶14} We agree with the Seventh District's interpretation that strict compliance with the rule is required when considering whether a defendant knowingly, intelligently, and voluntarily waived the constitutional rights enumerated in Crim.R. 11(C)(2)(c). In *Veney*, the court held:

> A trial court must strictly comply with Crim.R. 11(C)(2)(c) *and orally advise a defendant* before accepting a felony plea *that the plea waives* (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

(Emphasis added.) *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus. Indeed, the court in *Veney* reaffirmed its prior decision in *Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 in which the Ohio Supreme Court held:

> Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. (*Boykin v. Alabama*, 395 U.S. 238, followed.)

*Ballard* at paragraph one of the syllabus.

{¶15} Common sense dictates that by pleading guilty, the defendant is not going to receive a trial nor require the state to prove the charges beyond a reasonable doubt, and there will be no need to subpoena and cross-examine witnesses. *Strebler* at ¶ 36. There is an implicit

understanding that by entering a guilty plea, the defendant is waiving the rights associated with trial. However, in *Veney* the court held that the court's failure to strictly comply with the requirements of Crim.R. 11(C)(2)(c) renders the plea invalid. *Veney* at ¶ 32.

{¶16} The trial court ensured that Miller understood all of the constitutional rights relative to his right to trial, but neglected to ensure that Miller understood that his guilty pleas constituted a waiver of those rights. Therefore, because the trial court failed to strictly comply with the requirements of Crim.R. 11(C)(2)(c) with respect to the waiver of Miller's constitutional rights, Miller's guilty pleas are invalid.

{¶17} The sole assignment of error is sustained.

{¶18} The trial court's judgment is reversed, Miller's pleas are vacated, and we remand the case to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS WITH SEPARATE OPINION

MELODY J. STEWART, J., DISSENTING:

{¶19} It is true that the court never used the word "waive" in its plea colloquy with Miller. And it is also true that *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, specifically states that compliance with Crim.R. 11(C)(2)(c) requires a trial to judge to advise a defendant that a guilty plea "waives" certain rights. However, the Ohio Supreme Court has been very clear that magic words for a waiver are not required. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279 ("We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends — that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial."). *See also State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 81534, 2003-Ohio-563, ¶ 6; *State v. Godwin*, 8th Dist. Cuyahoga No. 103224, 2016-Ohio-117, ¶ 24; *State v. Toney*, 8th Dist. Cuyahoga No. 90605, 2008-Ohio-6473, ¶ 17.

{¶20} In fact, we have long held that a trial judge need not explicitly use the word "waive" when advising the defendant of his rights. *See, e.g.*, *State v. Elmore*, 8th Dist. Cuyahoga No. 56246, 1990 Ohio App. LEXIS 194, 1-2 (Jan. 18, 1990) ("The court could determine that defendant fully understood that he was waiving various rights, despite the fact that the court did not use the word 'waive.'"); *State v. Bryant*, 8th Dist. Cuyahoga No. 36778, 1978 Ohio App. LEXIS 9448, 3-4 (Jan. 12, 1978) ("It is true that the court never used the exact words, 'waiving your rights'; however, it is clear from the circumstances surrounding the plea that the appellant was being told that he was giving up his rights to go to trial.").

{¶21} In this case, the trial judge decided to conduct Miller's plea colloquy in language that she thought he would understand — instead of phrasing the colloquy in terms of what rights

Miller would waive by pleading guilty, she phrased it in terms of what rights Miller would have if he elected to go to trial. As the majority acknowledges, the trial judge informed Miller that he did not have to plead guilty. He was told that he had a right to trial by jury, or before a judge; a right to confront and cross-examine witnesses; a right to subpoena witnesses; and a right to testify or remain silent. The trial judge told Miller that the state had the burden of proving guilt beyond a reasonable doubt. Miller expressly stated that he understood that he retained all of these rights if he chose not to plead guilty and elected to have a trial.

{¶22} We have on several occasions affirmed guilty pleas on nearly identical facts. For example, in *State v. Boysaw*, 8th Dist. Cuyahoga No. 52052, 1987 Ohio App. LEXIS 6902, 5 (Apr. 16, 1987), Boysaw argued that he did not enter a knowing and intelligent guilty plea because the court did not tell him that his guilty pleas waived certain rights. This is how the court handled the plea colloquy in that case:

> THE COURT: I must advise you and I am sure you know that *you don't have to plead to anything unless you desire*. Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: *You could have a trial* before a judge alone or a judge and jury. You know that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Further, *if you wish the trial*, you will have the right to be confronted by anyone who testifies against you and your lawyer would have an opportunity to cross-examine those people. You could use the subpoena process to require witnesses to testify in your behalf.
>
> And I remind you that it's always necessary that the State of Ohio prove your guilt beyond a reasonable doubt. It's not necessary that you prove your innocence.
>
> Are you aware of all those rights?
>
> THE DEFENDANT: Yes, your Honor.

THE COURT: Further, *if you wish a trial*, you have the right to take the witness stand and testify in your own behalf or in the alternative, you could remain silent. If you indeed choose to remain silent, the State would be prevented from commenting on the fact that you exercised your constitutional right.

Are you aware of all those rights?

THE DEFENDANT: Yes, your Honor.   (Emphasis sic.)

*Id*. at 5-6.

**{¶23}** We stated that "[w]hile the court did not use the word 'waive,' it sufficiently explained the defendant's choice whether to retain those rights rather than pleading guilty." *Id*. at 6.   For this reason, we found that the court complied with Crim.R. 11(C).   *Id*.

**{¶24}** Likewise, in *State v. Valentine*, 8th Dist. Cuyahoga No. 51929, 1987 Ohio App. LEXIS 7205, 3 (May 28, 1987), the court informed Valentine of his Crim.R. 11 rights and stated that "each and every one of these will be available to you and will be granted to you in the event you wish to maintain your plea of not guilty and have a trial."   Relying on *Boysaw,* we rejected Valentine's argument that the court violated Crim.R. 11(C) by failing to use the word "waiver" in its explanation of his rights and concluded that his acknowledgment that he "understood the ramifications of the plea" showed that the court properly accepted his guilty plea.   *Id*. at 4.

**{¶25}** Finally, in *State v. Hinzman*, 8th Dist. Cuyahoga No. 59062, 1991 Ohio App. LEXIS 4728, 5 (Oct. 3, 1991), the court told Hinzman:

You have trial rights.   I'll explain them to you.   The prosecutor at a trial is obliged to prove your guilt beyond a reasonable doubt.   In his efforts to do this, he would produce witnesses whom you have a right to confront and through your counsel cross-examine.   You may have witnesses subpoenaed in your own favor. You personally may testify.   You may exercise your constitutional privilege and refuse to testify, to which fact the prosecutor may not comment.

*Id.* at 5.

**{¶26}** Rejecting the argument that Hinzman had not "literally" been informed that he would be waiving his trial rights by pleading guilty, we found that "[a]lthough the trial court did not expressly state that appellant would 'waive' these rights, appellant was informed of his right to retain them rather than plead guilty." *Id*. at 6.

**{¶27}** Perhaps it would have been better in this case for the trial judge to speak in terms of the rights that Miller would waive by pleading guilty rather than the rights that Miller would have if he elected to go trial. But these are two sides of the same coin. Miller was aware that his guilty plea constituted a complete admission of guilt. The court asked, "[d]oes everybody understand that pleading guilty is like giving a speech, and the speech goes, * * * I did these crimes right here, and I admit I did each one of them." Miller also knew that his guilty plea meant that he would not be getting a trial. The court stated, "[a]s good as the plea bargains might sound to people, nobody is under an obligation to accept them. You're welcome to stay with not guilty and go to trial instead." Under the totality of the circumstances, Miller knew what rights he would lose if he pleaded guilty, or in the inverse used by the court, the rights he would have had if he went to trial. The court meaningfully conveyed the substance of Miller's rights. That was compliance enough for Crim.R. 11(C).

**{¶28}** I respectfully dissent.