[Cite as *State v. Lozada*, 2019-Ohio-3040.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 107827 |
| v. | : | |
| RICARDO LOZADA, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 25, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623257-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James Gallagher, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, and Eric M. Levy, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Ricardo Lozada pleaded guilty to two counts of aggravated robbery and one count of grand theft of a motor vehicle. One count of aggravated robbery had attached to it a one-year firearm specification and the other

had both one- and three-year firearm specifications attached. The trial court sentenced Lozada to a total term of 14 years in prison.

{¶ 2} On appeal, Lozada raises the following four assignments of error for our review:

> 1. Appellant's guilty pleas are invalid and are required to be vacated pursuant to Crim.R. 11(C)(2)(c) where at the time of the guilty plea the trial court failed to ensure that appellant was aware that by entering his plea he would be waiving his constitutional rights which was not in strict compliance with the criminal rule.
>
> 2. The trial court committed reversible error when it failed to hold a competency hearing prior to appellant being required to go forward with trial and then prior to accepting his guilty plea.
>
> 3. The trial court erred by not making the required considerations and findings on the record at the sentencing hearing prior to imposing sentence upon appellant and the sentence imposed is not supported by the record.
>
> 4. The cumulative effect of errors deprived appellant of a fair trial or opportunity to understand the nature of entering a guilty plea.

**Law and Analysis**

**Compliance with Crim.R. 11(C)(2)(c)**

{¶ 3} In the first assignment of error, Lozada argues that the court failed to strictly comply with Crim.R. 11(C)(2)(c) because it did not ensure he understood that by pleading guilty he was waiving his constitutional rights at trial. We agree.

{¶ 4} This precise issue was before this court in *State v. Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, *appeal accepted for review*, 153 Ohio St.3d 1502, 2018-Ohio-4288, 109 N.E.3d 1259. In *Miller*, during the plea colloquy, the trial court made sure that the defendant understood his constitutional rights related

to his right to go to trial.  *Id.* at ¶ 16.  Nevertheless, this court found the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) because it did not ensure that the defendant understood by pleading guilty he would thereby waive those rights.  *Id.*

{¶ 5}  Here, the trial court explained Lozada's Crim.R. 11(C)(2)(c) constitutional rights as follows:

> The Court:   Okay.  Even though your lawyer may have discussed your rights at trial, it's my duty to explain them to you in open court.  First, you would have the right to a trial by jury or by a judge without a jury, whichever you prefer.
>
> You would have the right to be represented by a lawyer.  If you could not afford one, the Court would appoint one to represent you at no cost.
>
> At trial the prosecutor would have to produce its witnesses in open court and you or your attorney would have the right to cross-examine those witnesses.
>
> You could issue subpoenas to compel witnesses to come into court to testify on your own behalf.
>
> You could testify if you wish, but you could not be compelled to testify against yourself and the prosecutor could not comment on your failure to testify.
>
> You would be presumed innocent until the prosecutor proved your guilt by evidence beyond a reasonable doubt.
>
> Do you understand those rights?
>
> Lozada:      Yes.

Tr. 10-11.

{¶ 6}  While it is clear that the trial court sufficiently explained Lozada's constitutional rights at trial, there is no indication in the record that the court determined that Lozada understood that by pleading guilty he would thereby waive

those rights. In this respect, the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) and the plea colloquy in this case suffers from the same fatal infirmity recognized in *Miller*. As such, Lozada's guilty pleas are invalid. *See Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, at ¶ 16.

{¶ 7} Accordingly, we sustain the first assignment of error. We reverse the trial court's judgment, vacate Lozada's guilty pleas and remand the case to the trial court for further proceedings.

{¶ 8} Our disposition of the first assignment of error renders Lozada's other assignments of error moot and we will therefore not consider them. *See* App.R. 12(A)(1)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 9} I respectfully dissent. Although *State v. Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, remains the law of this district, it should be noted that the Ohio Supreme Court has accepted the case for review. *State v. Miller*, 153 Ohio St.3d 1502, 2018-Ohio-4288, 109 N.E.3d 1259, *motion to dismiss denied, State v. Miller*, 154 Ohio St.3d 1456, 2018-Ohio-5085, 113 N.E.3d 563. Nevertheless, in *Miller*, the trial court exclusively advised the defendant of the constitutional rights afforded by going to trial with no discussion of the waiver of those rights. In this case, the trial court advised Lozada of the rights "you would have" if he went to trial. This sufficiently explained the concept of waiver to Lozada. The court further asked if Lozada understood those rights he would have had but for pleading guilty, to which Lozada responded in the affirmative. Tr. 10-11. This case is factually distinguishable from *Miller*. I would address the remainder of Lozada's appellate arguments.