[Cite as *State v. Grayer*, 2019-Ohio-3511.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                        No. 107653

    v. :

CORNELL RUSSELL GRAYER, :

    Defendant-Appellant. :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627031-A

#### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and David M. King, Assistant Public Defender, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Appellant Cornell Grayer ("Grayer") appeals from the trial court's judgment, entered after guilty pleas, sentencing him to five years incarceration.

Grayer contends his pleas were not knowingly, voluntarily, or intelligently made, in violation of Crim.R. 11. For the reasons that follow, we affirm.

{¶ 2} In March 2018, Grayer was named in a six-count indictment for charges stemming from two robberies that occurred on February 23, 2018, and March 9, 2018. Grayer pleaded not guilty to the indictment on March 28, 2018.

{¶ 3} On July 9, 2018, Grayer withdrew his previously entered not guilty plea, and he pleaded guilty as follows: (1) amended Count 1 — robbery, in violation of R.C. 2911.02(A)(2), with forfeiture specifications pursuant to R.C. 2941.1417, and (2) amended Count 4 — aggravated robbery, in violation of R.C. 2911.01(A)(1), with a one-year firearm specification pursuant to R.C. 2941.141 and forfeiture specifications pursuant to R.C. 2941.1417. In exchange for his guilty pleas, the state agreed to remove the firearm specifications on Count 1, the three-year firearm specification on Count 4, and to dismiss Counts 2, 3, 5, and 6. The court accepted Grayer's plea and found him guilty. The court ordered a presentence investigation report; drug, alcohol, and mental health assessments; and scheduled a sentencing hearing.

{¶ 4} During the sentencing hearing, the court imposed a five-year sentence — four years on Count 1, robbery, to be served concurrently with a four-year sentence on Count 4, aggravated robbery, in addition to Count 4's one-year firearm specification to be served prior to and consecutive to the four-year base sentence under Count 4.

{¶ 5} Grayer now appeals, raising two assignments of error for our review:

I. The trial court erred when it did not determine that the defendant understood the nature of the offenses, the effects of the plea, and that he was waiving certain constitutionally guaranteed trial rights by pleading guilty in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I Section 10 of the Ohio Constitution and Ohio Crim.R. 11.

II. Defendant Cornell Grayer was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 6} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). Before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 7} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8. "'Substantial compliance means that under the totality of the circumstances the

defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Additionally, before a plea will be vacated due to a violation of the defendant's nonconstitutional rights, the defendant must show prejudice. *Martin* at ¶ 7. "The test for prejudice is whether the plea would have otherwise been made." *Id.*, citing *Nero* at 108.

{¶ 8} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *Stewart*. "'It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).'" *State v. Hudson-Bey*, 8th Dist. Cuyahoga No. 104245, 2016-Ohio-7722, ¶ 7, quoting *Cardwell* at ¶ 26, citing *Stewart*.

{¶ 9} In his first assignment of error, Grayer contends his pleas were not made knowingly, voluntarily, and intelligently because prior to accepting his pleas, (1) the trial court did not ask Grayer whether he understood the constitutional rights he was being asked to waive, (2) the trial court did not ask whether Grayer waived each individual constitutional right, but enumerated all of the applicable constitutional protections and then asked whether the defendant was willing to give up those rights and enter a guilty plea, and (3) the trial court utilized a group-plea hearing.

{¶ 10} At Grayer's sentencing hearing, the trial court obtained pleas from three, unrelated defendants in a group-plea setting. The transcript suggests the pleas were consolidated because the court was behind schedule on the day of the hearing.

{¶ 11} The following exchange was intended to notify the defendants of the constitutional rights they would be waiving by entering guilty pleas:

> THE COURT: Do you understand that by entering a plea of guilty in this case, you're giving up certain constitutional and other legal rights? Mr. Grayer?
>
> DEFENDANT GRAYER: Yes.
>
> THE COURT: Ms. Tanks?
>
> DEFENDANT TANKS: Yes.
>
> THE COURT: Mr. McKenzie?
>
> DEFENDANT MCKENZIE: Yes, sir.
>
> THE COURT: As to the rights that you're going to be giving up, there are six of them. And I'm going to read them to each of you.
>
> You have the right to a trial by a jury or you can waive that right and have your case tried to me as the judge without a jury.
>
> Now, this right and the other five rights I'm going to be reading to you are trial-related rights that if you did not enter this plea, you would have the right — these rights if we went to trial.
>
> So by entering the plea, you need to give up these rights. And in order for you to know what they are, these trial-related rights that you'll be giving up.
>
> I've also read to you — I've read to you the first one. I'll read to you the remaining five.

You also have the right to have an attorney represent you at trial. If you can't afford an attorney, one will be appointed to represent you at no cost.

You have the right to require the State of Ohio to put on evidence that would establish your guilt by evidence beyond a reasonable doubt.

You have the right to confront witnesses who would testify against you. And by that I mean you would be in the courtroom. A witness would be testifying in the witness box. You would have the opportunity to listen to that testimony, and your attorney would have the opportunity to cross-examine that witness to test the truthfulness of that testimony.

You also have the right to have witnesses come down and testify for you, and you would do that by having these witnesses come in voluntarily to testify for your benefit. If that person is unwilling to do that for you, then I would issue an order or your attorney would issue a subpoena requiring them to come down and do so.

And then, finally, you have the right not to testify at trial. If you elect to remain silent during your trial, your silence cannot be used against you in any form or fashion to try to prove your guilt.

Also, you cannot be forced to testify against yourself. On the other hand, if you want to testify, you have the absolute right to do so.

Now, as to each one of these rights that I've mentioned to you, are you willing to give up each one of these rights in order to enter into the plea for your particular cases? Mr. Grayer?

DEFENDANT GRAYER: Yes.

THE COURT: And, Ms. Tanks?

DEFENDANT TANKS: Yes.

THE COURT: Mr. McKenzie?

DEFENDANT MCKENZIE: Yes, sir, your Honor.

(Tr. 29-32.)

{¶ 12} The Ohio Supreme Court has stated "the best method of informing a defendant of his constitutional rights is to use the language contained in

Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty." *Ballard*, 66 Ohio St.2d at 479, 423 N.E.2d 115. However, trial courts need not recite Crim.R. 11(C) verbatim and failure to utilize the exact language does not invalidate the plea. *Id.* at 480. "Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Id.*

{¶ 13} The trial court's colloquy, as cited above, satisfies the rigors of Crim.R. 11(C)(2). The court advised Grayer that he was waiving his rights (1) to a jury trial, (2) to confront witnesses against him, (3) to have a compulsory process for obtaining witnesses in his favor, (4) to require the state to prove his guilt beyond a reasonable doubt, and (5) to remain silent and not testify, without comment on the fact that he did not testify. "Although it is strongly recommended that a trial judge stop after naming each constitutional right and ask if the defendant subjectively understands that right as just explained, the failure to do so will not necessarily invalidate a plea." *State v. Donaldson*, 8th Dist. Cuyahoga No. 106812, 2018-Ohio-4872, ¶ 10, quoting *State v. Holt*, 9th Dist. Summit No. 21835, 2004-Ohio-3252, ¶ 11, citing *Ballard* at 479-480. A plea is not invalidated because the trial judge did not stop and ask the defendant whether he waived each individual right. *State v. Parks*, 8th Dist. Cuyahoga No. 86312, 2006-Ohio-1352, ¶ 11. Lastly, there is no prohibition on a trial court conducting a group-plea hearing. *State v. Strimpel*, 8th Dist. Cuyahoga No. 106129, 2018-Ohio-1628, ¶ 12. A group-plea is

common practice in the trial courts and does not impact whether a defendant's guilty plea is entered knowingly, intelligently, and voluntarily so long as the court's actions comply with Crim.R. 11(C). *Strimpel* at ¶ 13.

{¶ 14} We cannot say under the instant facts that the trial judge failed to explain the waiver of Grayer's constitutional rights in a reasonably intelligible manner. The trial judge began the hearing by positioning the defendants in a certain order that he would follow throughout the proceeding for the court's convenience. The prosecutor explained each defendant's plea agreement, starting with Grayer. Defense counsel confirmed the plea agreements' accuracy. The trial judge explained the defendants would be giving up their constitutional rights by entering a guilty plea and received confirmation from each defendant, including Grayer, that he understood this was the impact of his guilty plea.[1] The trial judge then listed the constitutional rights in a clear and concise manner. The trial judge referenced and explained the constitutional rights and their waiver in a manner reasonably intelligible to Grayer thereby satisfying the strictures of Crim.R. 11(C)(2). *Parks*.

---

[1] The facts of the instant case are distinguishable from this court's recent decisions in *State v. Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, *State v. Lozada*, 8th Dist. Cuyahoga No. 107827, 2019-Ohio-3040, and *State v. Smith*, 8th Dist. Cuyahoga No. 107956. In *Miller*, *Lozada*, and *Smith*, the trial courts clearly instructed the defendants-appellants of their constitutional rights relative to a right to trial, but failed to determine whether the defendants-appellants understood those rights would be waived upon entering guilty pleas. Absent the defendants-appellants' acknowledgment that their guilty pleas would result in a waiver of the enumerated constitutional rights, the trial courts did not strictly comply with the requirements of Crim.R. 11(C)(2)(c) and the guilty pleas were invalid. Here, the trial court specifically instructs Grayer that by entering a guilty plea he waives the identified constitutional rights and Grayer acknowledges his understanding that his guilty plea will result in a waiver of those rights.

{¶ 15} For the foregoing reasons, we find the trial court strictly complied with the requirements of Crim.R. 11(C) in accepting Grayer's waiver of his constitutional rights and we overrule his first assignment of error.

{¶ 16} Because we found the trial court did not err in accepting Grayer's guilty plea, counsel cannot be deemed ineffective for failing to ensure Grayer's constitutional rights were properly explained prior to entering a guilty plea. Grayer was not deprived of effective assistance of counsel and his second assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
ANITA LASTER MAYS, J., CONCUR